United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 3, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

———————————————

No. 02-11002

———————————————

ROBERT D. DICKERSON,

Plaintiff-Appellant, Cross-Appellee,

versus

NEW CENTURY ENERGIES,

Defendant-Appellee, Cross-Appellant.

———————————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
(2:98-CV-408)

———————————————————————————————

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Robert D. Dickerson was an employee of Southwestern Public Service Company (SPS) before it merged with New Century Energies (NCE). Pre-merger, Dickerson entered into an employment agreement with SPS; it is undisputed that NCE must perform under it.

For the bench trial at issue, findings of fact are reviewed for clear error; conclusions of law, *de novo*. *E.g., **Kona Tech. Corp. v. S. Pac. Transp. Co.***, 225 F.3d 595, 601 (5th Cir. 2000).

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As hereinafter discussed, and essentially for the reasons given by the district court, there was no reversible error.

For starters, concerning NCE's cross-appeal, the agreement is not governed by ERISA.

The agreement provided that Dickerson's base salary increases would be "substantially consistent" with those awarded other key employees "in the ordinary course of business". Dickerson claims he did not receive increases as were provided to other such employees, namely Helton. First, NCE's counsel's closing argument statements regarding whether Helton's raises were in the ordinary course of business did *not* constitute a judicial admission: the statements were not a clear concession; they did not prejudice how the case was litigated. Second, the district court did *not* clearly err in finding that Helton's raise was *not* in the ordinary course of business, given that Helton changed positions within the company and assumed substantially more responsibility. Finally, the district court did *not* clearly err in finding that Dickerson should have received a raise of 12.5 percent, followed by one of 17.78 percent, the same percentages as key employee Wilks.

For the contention that the district court erred in calculating damages for the incentive portion of the agreement, that portion provided that compensation and benefits to Dickerson be, in the aggregate, at least as favorable as the most favorable compensation provided other key employees. The district court did

2

*not* clearly err in excluding the stock option awards provided Helton, because there was no requirement that the benefits to employees be equal or even similar.  Moreover, the district court did *not* clearly err in finding that Dickerson was entitled to stock options based on the same percentage as used for key employee Ridings, because he had a position similar to Dickerson.

***AFFIRMED***